**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY CLARKE,

            Plaintiff - Appellant,

    v.

G. BROWN,

            Defendant - Appellee.

No. 11-56635

D.C. No. 2:05-cv-04448-MMM-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 4, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

    Appellant Clarke appeals the district court's grant of summary judgment in

favor of Brown, the medical technical assistant responsible for scheduling doctors'

appointments at the Lancaster State Prison where he was housed.  Clarke averred

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

that Brown was deliberately indifferent to his pain and medical condition when she turned him away from an appointment to see a doctor on July 28, 2003 and did not promptly process his request for another appointment.

As correctly recognized by the district court, Clarke submitted no admissible evidence whatsoever that Brown acted with actionable deliberate indifference to his medical needs. Clarke admitted he had no idea why his appointment was cancelled and did not provide any evidence to contradict Brown's claim that he was turned away for legitimate reasons, i.e., the appointments that day had been over-scheduled. Clarke's assertions that Brown's behavior was in retaliation for complaints he had filed against prison staff, and that her actions were done to deliberately obstruct his medical request, amount to rank speculation and would not support a verdict in his favor. Additionally, Clarke failed to offer evidence that the delay in treatment he attributed to Brown's behavior caused Clarke any harm. The pain he complained about was not alleviated when he saw the doctor eleven days later -- by his own account it continued unrelieved for another six years -- so the brief delay did not cause him any injury. Thus, his evidence was insufficient to create a genuine issue of fact, and summary judgment against him as a matter of law was appropriate.

Furthermore, the district court did not abuse its discretion when it denied Clarke's "Motion to Access."

AFFIRMED.